UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Denise Laflamme and the State of Connecticut Office of Protection and Advocacy for Persons with Disabilities,<br>    *Plaintiffs*,<br><br>    *v.*<br><br>New Horizons, Inc. and Michael Shaw,<br>    *Defendants*. | Civil No. 3:06cv1809 (JBA)<br><br><br><br><br><br>May 27, 2009 |

**RULING ON DEFENDANTS' MOTION FOR
ORDER CERTIFYING APPEAL**

On March 31, 2009, this Court held the Defendants, New Horizons, Inc. and Michael Shaw, liable for violating Plaintiff Denise Laflamme's rights under the Fair Housing Act ("FHA"). The Court summarized its conclusions as follows:

> The Fair Housing Act prohibits landlords from discriminating in the terms and conditions of rental housing on the basis of disability. The Defendants' longstanding commitment to serving the physically disabled notwithstanding, their policy of leasing apartments at NHV only after inquiring into prospective tenants' medical and personal histories, and then assessing whether applicants are able to live independently based on the nature and characteristics of their individual disabilities, constitutes exactly the discrimination that the FHA forbids. To conclude otherwise would amount to grafting an additional exception onto the statute that is simply not there, and NHV has provided no basis on which otherwise to exempt it from the FHA obligations applicable to private landlords. Thus, because the undisputed evidence shows that the Defendants applied unlawful policies to Denise Laflamme, the Court grants Laflamme's motion for summary judgment and denies the Defendants' motion for summary judgment.

*Laflamme v. New Horizons, Inc.*, No. 06-1809, 2009 WL 840758, at *1 (D. Conn. Mar. 31, 2009). Defendants now seek to take an immediate appeal of this order pursuant to 28 U.S.C. § 1292(b). Plaintiffs Denise Laflamme and the State of Connecticut Office of Protection and

Advocacy for Persons with Disabilities ("OPA") object.

Section 1292(b) permits a district court to certify an order for appeal before final judgment enters provided that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Second Circuit has cautioned that this discretion should be used sparingly: "It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). By enacting § 1292(b), Congress "sought to assure the prompt resolution of knotty legal problems," but not to provide a mechanism merely for correcting errors by district courts on an expedited basis. *Weber v. United States*, 484 F.3d 154, 159 & n.3 (2d Cir. 2007). Thus, even where the statutory criteria are met, "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (1990) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

In their memorandum, Defendants offer essentially the same arguments presented in their motion for summary judgment, contending that the controlling question of law justifying immediate appeal is "[w]hether level of care decisions in personal care residences like New Horizons Village is discrimination." (Defs.' Mot. Order Cert. Appeal [Doc. # 129] at 5.) Defendants maintain that there is sufficient disagreement on this point, referencing "the numerous state laws that *require* disqualification under circumstances that this Court holds unlawful." (*Id.* at 6.) The Court specifically rejected this argument in its ruling on the motions for summary judgment, however, noting that, "whatever level-of-care distinctions are made in such facilities in other states, they are not relevant to the issues in this case," and

2

that "the status of those facilities and implementing statutes under the FHA is not before the Court in any event." *Laflamme*, 2009 WL 840758, at *14.

But even accepting that the challenged order presents a disputed legal question suitable for appeal, Defendants have not demonstrated that immediate appellate review will "materially advance" the end of this case. Rather, Plaintiffs persuasively argue that certifying this matter for appeal will have the opposite effect:

> All that remains for Plaintiff Laflamme is a hearing on damages. Defendants concede that [OPA] is entitled to summary judgment. As such, there is no "protracted litigation" which an appeal would avoid. Indeed, certification for immediate appeal would actually prolong this litigation and add unnecessary expense. As discussed *infra* reversal would only result in remand for a trial on liability while an affirmance would place the parties right back where they sit today. There is no reasonable scenario under which an appeal would result in material[] advancement of this litigation. With limited proceedings remaining, judicial economy demands reaching a final judgment before appeal.

(Pls.' Opp'n [Doc. # 130] at 8 (citation omitted).) The Court agrees. Leaving aside the merits of the March 31 ruling, the most economical and efficient course is to proceed to final judgment with an appeal to follow in the usual fashion. Because the Defendants share Plaintiffs' view that "the liability of New Horizons as to Denise Laflamme [] effectively mandates judgment as well in favor of [OPA]" (Defs.' Mot. at 5), all that remains is the determination of damages and any appropriate equitable relief.

Accordingly, with Defendants having failed to demonstrate that immediate appeal will advance disposition of this litigation, and in the absence of any "exceptional circumstances," an order certifying this matter for appeal pursuant to § 1292(b) is not appropriate. Defendants' motion [Doc. # 129] therefore is denied.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of May, 2009.